# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| AILEEN CULPEPPER, individually and on behalf of all other similarly situated individuals | CIVIL ACTION NO. |
| V. | |
| BANK OF AMERICA, NATIONAL ASSOCIATION<br>Defendant | February 16, 2017 |

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and a class action complaint made pursuant to Rule 23 of the Federal Rules of Civil Procedure, asserting violations of the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58 *et seq.* (CMWA) on behalf of all Connecticut Inbound Specialists. It is brought to remedy widespread violations by Defendants Bank of America, National Association., that have deprived plaintiff, a former Inbound Specialist at Defendant's Farmington, Connecticut location, along with all other Inbound Specialists at Defendant's Farmington, Connecticut location during the relevant period, of wages to which they are entitled.

2. Under federal and Connecticut law, non-exempt employees must be paid for all hours worked, and must be paid one and a half times their regular rate for all hours over 40 worked in a week.

3. Despite these statutory requirements, Defendant did not pay its Inbound Specialists for all hours worked. Instead, it required Inbound Specialists to show up for work at least 20 to

30 minutes before their shift but did not record this time and did not pay these employees for this compensable time worked.

4. Accordingly, Plaintiff, on behalf of herself and all others similarly situated, brings this claim and seeks unpaid compensation, an equal amount of liquidated damages under the FLSA, penalty damages under Connecticut law, attorneys' fees and costs, and all other available and appropriate relief to which she and the other Inbound Specialists are entitled.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. Section 1331.

6. This Court has jurisdiction over Plaintiff's CMWA claims pursuant to 28 U.S.C. Section 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue is proper in this district under 28 U.S.C. Section 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

## III. PARTIES

8. Plaintiff, Aileen C. Culpepper ("Culpepper"), is an individual residing in Torrington, Connecticut. At all times relevant to this Complaint, Culpepper was an employee of Defendant, as that term is defined in the FLSA and CMWA.

9. Defendant, Bank of America, National Association ("BOA"), is a National Banking Association with a principal place of business located at 100 North Tryon Street, Suite 170, Charlotte, North Carolina. At all times relevant to this Complaint, BOA was the

employer of Culpepper and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

IV. **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

    A. **The FLSA Class**

10. Culpepper brings this action on behalf of herself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendant as described herein.

11. In addition, and in the alternative, Culpepper brings this action in her individual and personal capacity, separate and apart from the class claims set forth herein.

12. The FLSA class is defined as follows:

> *All current and former employees of Defendants who were employed as Inbound Specialists in Connecticut at any time after February 16, 2014 through the date of final judgment in this action.*

13. Culpepper reserves the right to amend said class definition consistent with information obtained through discovery.

14. Culpepper sues on behalf of herself and those members of the FLSA class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action," in that Culpepper and the members of the putative class are similarly situated.

15. Defendant has engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Culpepper and other similarly situated employees and former employees in accordance with the provisions of the FLSA.

### B. The Connecticut Rule 23 Class

16. Culpepper also sues on behalf of herself and all other members of the Connecticut class, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17. The Connecticut Class is defined as follows:

    *All current and former employees of Defendants who were employed as Inbound Specialists in Connecticut at any time after February 16, 2015 through the date of final judgment in this action.*

18. Culpepper reserves the right to amend said class definition consistent with information obtained through discovery.

19. Class certification for these Connecticut law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

20. The class is so numerous that joinder of all members is impracticable. There are over 100 Inbound Specialists employed by Defendant in Connecticut at any one time. There have been approximately as many as 200 Inbound Specialists during the class period.

21. There are questions of law and fact common to the class, including whether or not the putative class members worked hours for which they were not paid overtime compensation in violation of Connecticut law.

22. Culpepper's claims are typical of those of the class members. Culpepper's claims encompass the challenged practices and course of conduct of Defendant. Furthermore, Culpepper's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to the violation of the CMWA by Defendant's conduct apply equally to Culpepper and to the class.

4

23. Culpepper will fairly and adequately protect the interests of the class. Culpepper's claims are not antagonistic to those of the putative class and she has hired counsel skilled in the prosecution of class actions.

24. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## V. FACTS

25. From approximately March 23, 2015 through May 27, 2016, Culpepper was employed by Defendant as one of approximately 100 Inbound Specialists in Connecticut, responsible for taking inbound calls from customers of Defendant.

26. Culpepper and all other similarly situated individuals customarily and regularly came in 20-30 minutes early for their shifts in order to open the computer programs used by them to respond to inbound calls. There were approximately 10 of these systems and it took 20-30 minutes to turn them all on.

27. Defendant required Culpepper and other Inbound Specialists to have all their programs on before the start of their shift so that they were ready to take the calls when they were put in queue. This requirement resulted in the class working an extra 20 to 30 minutes per day, 100 to 150 minutes (one hour and forty minutes to two hours and thirty minutes) per week, in addition to their regular 40 hour work week. Even though Defendant knew

5

that Culpepper and other Inbound Specialists were working these extra hours, they did not pay them for this time.

28. In approximately August 2016, Defendant held a "knowledge share" meeting with the Inbound Specialists. This meeting was run by Donna Gladney, Defendant's Vice President. Gladney told her team of Inbound Specialists that there was a change in company policy and employees were not allowed to sign on the phone system or sit down at their desks until their start time. An employee asked how they were supposed to do this and Gladney responded "you need to do whatever you need to do" and that they should put customers on hold until system is up and running, and explain to customers that they had to remain on hold for up to 20 minutes at times while systems were booted up and running.

29. At another weekly meeting Culpepper asked her direct team leader and supervisor, Garfield Brown, why she was expected to start her shift early and not record her true start time on her time card for compensation. His response was "it is what it is, those are the rules".

30. Defendant knew that its Inbound Specialists were coming to work early as described because they all had to swipe a security card to enter the building and those swipes showed that they were coming to work up to 30 minutes early.

31. Despite these inquires by Inbound Specialists, Defendant maintained its policy requiring Inbound Specialists to come in 20 to 30 minutes before their shifts started to boot up their systems and did not let them log into the phone system until the precise start of their shift and did not pay them for the time spent in the morning working before their shift.

32. Because these morning work periods were usually in excess of their usual 40 hour work weeks, they were overtime under state and federal law and should have been paid at one and one half times their regular rates.

33. In August 2016, Defendant discontinued this policy and instructed its Inbound Specialists not to work prior to the start of their shift even if it meant that they were taking calls at the same time as they were booting up their systems. Defendant also upgraded its computer system so that the boot up time did not take as long since it was now going to be company time.

**VI. COUNT ONE –COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE FLSA CLASS**

34. Based on the foregoing, Defendant's conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Culpepper and all other members of the FLSA class were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty per week, but failed to do so.

35. Accordingly, Culpepper and all other members of the FLSA class are entitled to compensation at their regular rates for weeks when they worked 40 hours or less and at one–and-one-half times their regular rate of pay for all hours worked in excess of forty per week, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. Section 216(b).

## VII. COUNT TWO – CLASS ACTION CLAIM FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE CMWA ON BEHALF OF PLAINTIFF AND THE CONNECTICUT CLASS

36. Based upon the foregoing, Defendant's conduct in this regard was a willful violation of the CMWA, in that Defendant knew or should have known that Culpepper and all other members of the Connecticut Class were entitled to be paid either their regular rates or one-and-one-half times their regular rate of pay for all hours worked but failed to do so.

37. Accordingly, Culpepper and all other members of the Connecticut Class are entitled to compensation at their regular rates or at one–and-one-half times their regular rate of pay for all uncompensated hours worked, penalty damages, attorneys' fees, and court costs, pursuant to Connecticut General Statutes Section 31-68.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, seeks the following relief:

- A. Certification of this case as a class action pursuant to Fed.R.Civ.P. 23;

- B. Conditional Certification of the FLSA Collective under Section 216(b) of the Fair Labor Standards Act;

- C. Designation of Plaintiff as representatives of the Class, and counsel of record as Class Counsel;

- D. Back wages as proved at trial;

- E. Penalty damages pursuant to Conn. Gen. Stat. § 31-72;

- F. Liquidated damages under the FLSA;

- G. Pre-judgment interest and post-judgment interest as provided by law;

- H. Attorneys' fees and costs of the action pursuant to Conn. Gen. Stat. § 31-68;

- I. Reasonable incentive awards for Plaintiff to compensate her for the time she spent attempting to recover wages for the Class and for the risks she took in doing so; and

- J. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial before a jury on all issues so triable.

Plaintiff, AILEEN CULPEPPER,
individually and on behalf of other similarly
situated individuals

By: /s/
Richard E. Hayber
Fed. Bar No. ct11629
The Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com
Attorneys for the Plaintiff