# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AILEEN CULPEPPER, individually and on behalf of all others similarly situated, <br>     Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, NATIONAL ASSOCIATION, <br>     Defendant. | No. 3:17-cv-264-VAB |

## ORDER

Plaintiffs seek computer log-in data for an entire putative class, arguing it is relevant to their motion for conditional certification and class certification, an issue already addressed at a telephonic discovery conference on February 27, 2018. *See* Minute Entry, ECF No. 56. From that conference, the Court assumed that Defendant would provide the log-in data for only two individuals and that, to the extent necessary, Plaintiffs might seek a representative sample of log-in data at a later date.

Following this discovery conference, the Court received no further motions from Plaintiffs regarding this discovery issue, but did receive a motion to amend the scheduling, which the Court granted, Am. Scheduling Order, ECF No. 62, and set a new discovery deadline of May 15, 2018. *Id.*

Shortly before this deadline elapsed, on May 10, 2018, however, Plaintiffs moved for a second discovery conference and now renews their request for the log-in data for the entire class list. They do not propose a representative sample. Defendant again opposes the request,

1

submitting documentation showing the data sought by Plaintiffs "would cost over $284,900 to perform class-wide" and require a minimum of six months to compile. Def. Br. at 3-4.

Plaintiffs' request is troubling for two reasons. First, Plaintiffs seek to re-litigate issues addressed at the February conference. To the extent that Plaintiffs wished simply to compel the discovery already discussed in February, the proper procedure would have been to file a motion to compel, given the Court had already addressed the issue. *See Pretrial Preferences, Chambers of Victor A. Bolden*, D.CONN (June 1, 2018), http://www.ctd.uscourts.gov/content/victor-bolden; Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Second, Plaintiffs waited until the final moments of discovery—a discovery deadline they had proposed after the initial discovery conference—to renew their request. They failed to move to extend the discovery period, and that deadline has now lapsed.

It is well settled that this Court has inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Deitz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). The Court therefore will set the following schedule:

- To the extent that Plaintiffs still seek log-in data, they must file a motion to compel this information. Any motion to compel shall be due by June 15, 2018.
- Any motion to compel shall be accompanied by a motion to amend the scheduling order, addressing the remaining deadlines in this case. Such a motion shall also be filed by June 15, 2018. The parties should submit briefing on both motions, but the Court will address the motion to amend the scheduling order first. If good cause is not shown for amending the scheduling order, the Court may deny any motion to modify the schedule and then declare the motion to compel moot.

- If neither motion is filed, the deadlines stated in the Amended Scheduling Order, ECF No. 62, will remain in effect. Plaintiffs' motion for conditional certification therefore will be due by 6/15/2018.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of June, 2018.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge